IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ENDRIKAT,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-01129 |
| v. | : | |
| | : | (Judge Kane) |
| **MS. LIPKO, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' motion to dismiss, which seeks to dismiss the complaint filed by pro se plaintiff Robert Endrikat ("Endrikat") for failure to state a claim upon which relief may be granted and for misjoinder in violation of Federal Rule of Civil Procedure 20. (Doc. No. 13.) For the following reasons, the motion to dismiss will be granted, Endrikat's claims against Defendant Lipko will be dismissed without prejudice as misjoined, and all of Endrikat's claims against Defendant Ridell other than the Eighth Amendment deliberate indifference claim will be dismissed for failure to state a claim.

### I. BACKGROUND

According to the allegations in the complaint, Endrikat filed a grievance on June 27, 2022 against Mr .Jurnak ("Jurnak"), a librarian in the Waymart State Correctional Institution ("SCI-Waymart"). (Doc. No. 1 at 12.) In the grievance, Endrikat stated that Jurnak "has a lot of reasons to be worried, he has three civil cases filed on him. And now we will look into a fourth." (Id.) Defendant Lipko allegedly reviewed the grievance, determined that the statement that Jurnak "has a lot of reasons to be worried" was a threat, and charged Endrikat with misconduct. (Id. at 12–13.) Endrikat was transferred to the Restricted Housing Unit ("RHU") for pre-hearing confinement, where he was strip searched. (Id. at 13.) The grievance was allegedly dismissed

with prejudice during a hearing with a disciplinary hearing officer on June 30, 2022. (Id. at 16.) Endrikat was released from the RHU that day. (Id.)

Upon his return to his housing block, a correctional officer informed Endrikat that he would be sleeping on the top bunk in his cell. (Id. at 18.) Endrikat explained to the officer that he could not be on a top bunk due to a surgery he had previously had for a hernia. (Id.) The officer responded that Defendant Ridell, a sergeant in the prison, had given the bunk assignment. (Id.) Ridell came to the cell and Endrikat explained that he could not be on a top bunk due to his surgery. (Id.) Ridell allegedly responded, "that's the bunk I'm putting you in." (Id.)

When Endrikat subsequently climbed up to the top bunk he "felt a rip and a burning sensation" followed by intense pain in his right side. (Id. at 19.) Endrikat immediately submitted a sick call request and was seen by a doctor in the prison on the following day, July 1, 2022. (Id.) The doctor ordered an ultrasound, which was performed on July 7, 2022. (Id.) On July 11, 2022, the doctor told Endrikat that the pain he had experienced was due to climbing up to the top bunk. (Id.)

The complaint asserts claims against Defendant Lipko for retaliation in violation of the First Amendment; illegal search in violation of the Fourth Amendment and the Pennsylvania Constitution; defamation, slander, and false light under Pennsylvania law; violation of his right to due process under the Fifth and Fourteenth Amendments; and cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 22–26.) The complaint asserts claims against Defendant Ridell for deliberate indifference in violation of the Eighth Amendment and violation of his right to due process under the Fifth and Fourteenth Amendments and the Pennsylvania Constitution. (Id. at 26–28.) The complaint seeks damages from both Defendants. (Id. at 28.)

Defendants moved to dismiss Plaintiff's complaint on June 21, 2022. (Doc. No. 13.) Defendants argue that dismissal is appropriate because the complaint fails to state a claim upon which relief may be granted and because the claims against the two defendants are misjoined in violation of Federal Rule of Civil Procedure 20. (Doc. No. 14.) Briefing on the motion to dismiss is complete and it is therefore ripe for resolution. (Doc. Nos. 14, 32, 36.)

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

B.  **Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

III.  **DISCUSSION**

A.  **Misjoinder**

The Court will first consider Defendants' argument that Endrikat's claims are misjoined in violation of Federal Rule of Civil Procedure 20. Under Rule 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

5

See Fed. R. Civ. P. 20(a)(2).

Upon review of the complaint, the Court agrees with Defendants that the complaint contains misjoined claims in violation of Rule 20.  The complaint alleges two distinct fact patterns—one regarding the misconduct citation that Defendant Lipko issued against Endrikat, the other regarding Defendant Ridell's actions in ordering Endrikat to sleep on a top bunk—and there does not appear to be any connection between the two fact patterns.  The only allegation as to how the two fact patterns are related is Endrikat's statement that "had Ms. Lipko not falsified the misconduct Plaintiff would not have been sent to the RHU, would not have lost his bunk[,] and Sgt. Ridell would not have been able to assign Plaintiff to a new bed."  (Doc. No. 1 at 26.)  The Court does not find this tenuous and speculative connection between the two fact patterns sufficient to join Endrikat's claims under Rule 20.

Misjoinder of claims, however, is not grounds for dismissal of the entire action.  See Fed. R. Civ. 21; Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972).  Rather, a district court has two options when a plaintiff has misjoined claims: (1) "drop" the misjoined parties from the case on "just terms" or (2) sever the claims into separate lawsuits.  See Fed. R. Civ. P. 21; DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006).  When a party is dropped under Rule 21, he is dismissed from the case without prejudice.  See DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)).  The statute of limitations for claims against that defendant is not tolled because the initial complaint is treated "as if it never existed."  See id. (quoting Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005)).  When, on the other hand, the claims are severed, "the suit simply continues against the severed defendant in another guise."  See id. (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n.6 (3d Cir. 1999)).

District courts have discretion to choose whether misjoined claims should be dismissed or severed.  See id.  Courts may only dismiss misjoined claims, however, if doing so would be just, "that is, if doing so 'will not prejudice any substantial right'" of the plaintiff.  See id. (internal emphasis omitted) (quoting Sabolsky, 457 F.2d at 1249).  "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance."  Id.

In this case, Endrikat's claims are brought under 42 U.S.C. § 1983, which is subject to a two-year statute of limitations in Pennsylvania federal courts.  See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  His claims arise from events that occurred in June and July of 2022.  Accordingly, dismissal of the misjoined claims will not impact his ability to refile the claims in a separate lawsuit, as the limitations period for the claims will not expire until June 2024 at the earliest.

In light of the foregoing, and based on the Court's conclusion that Endrikat's claims against Ridell are the primary claims raised in the complaint see (Doc. No. 1 at 5 (listing injuries suffered as a result of Ridell ordering Endrikat to climb to the top bunk in the injuries section of the pre-printed complaint form)), the Court will exercise its discretion under Rule 21 and dismiss without prejudice all claims against Defendant Lipko as misjoined in violation of Rule 20.

**B.      Remaining Claims Against Defendant Ridell**

Turning to the merits of Endrikat's remaining claims against Ridell, Defendants do not seek dismissal of Endrikat's Eighth Amendment claim, see (Doc. No. 14 at 26 n.13), but they seek dismissal of his due process claim and all claims raised under the Pennsylvania Constitution.  The Court agrees that these claims are properly dismissed.  Endrikat's due process claim against Ridell is duplicative of his Eighth Amendment deliberate indifference claim and

therefore must be analyzed under the specific provisions of the Eighth Amendment rather than the more generalized notion of substantive due process. See Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion of Rehnquist, C.J.); Graham v. Connor, 490 U.S. 386, 395 (1989). As for the claims under the Pennsylvania Constitution, Pennsylvania law does not recognize a cause of action allowing a plaintiff to recover money damages for violation of the Pennsylvania Constitution. See Mt. Airy #1, LLC v. Pa. Dep't of Revenue and Elieen McNulty, 154 A.3d 268, 280 n.11 (Pa. 2016). Accordingly, the Court will allow this case to proceed only as to Endrikat's Eighth Amendment deliberate indifference claim against Defendant Ridell.

      **C.**      **Leave to Amend**

Courts are cautioned that because of the applicable pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendment in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id.

Based on the foregoing, the Court will deny further leave to amend as futile with respect to Endrikat's due process claims and claims under the Pennsylvania Constitution against Defendant Ridell because these claims fail as a matter of law.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. The claims against Defendant Lipko will be dismissed without prejudice and dropped from this lawsuit. The due process claim and claims under the Pennsylvania Constitution against Defendant Ridell will be dismissed without further leave to amend. The Eighth Amendment deliberate indifference claim against Defendant Ridell will be allowed to proceed. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania