IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ENDRIKAT,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-01129 |
| v. | : | |
| | : | (Judge Kane) |
| **MS. LIPKO, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case in which pro se Plaintiff Robert Endrikat ("Endrikat") alleges that the sole remaining Defendant, Sgt. Riedel,[1] ("Defendant" or "Riedel"), violated his civil rights by ordering him to sleep on a top bunk, which purportedly resulted in him falling from the bunk and sustaining physical injuries. Presently before the Court is Defendant's motion for summary judgment. (Doc. No. 66.) For the following reasons, the Court will grant the motion for summary judgment and close this case.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Endrikat is currently incarcerated in Smithfield State Correctional Institution ("SCI-Smithfield") but was incarcerated in Waymart State Correctional Institution ("SCI-Waymart") at all relevant times. He initiated this case through the filing of a civil rights complaint pursuant to 42 U.S.C. § 1983, on July 19, 2022, and the Court received and docketed his complaint on July 21, 2022. (Doc. No. 1.) The complaint named two Defendants: Riedel, a sergeant in the prison, and Defendant Lipko ("Lipko"), a librarian in the prison. (Id.) The complaint alleged generally that Lipko retaliated against Endrikat by initiating misconduct charges against him and that

---

[1] This Defendant's name has been spelled in a variety of ways throughout this litigation. The Court adopts the spelling used by Defendant in her instant motion for summary judgment and accompanying documents.

Riedel violated his civil rights by ordering him to sleep in a top bunk from which he subsequently fell and sustained injuries. See (id.).

On July 20, 2023, the Court granted Defendants' motion for partial dismissal, dismissing all claims other than Endrikat's Eighth Amendment deliberate indifference claim against Riedel. (Doc. Nos. 47–48.) Riedel then answered Endrikat's complaint on August 8, 2023. (Doc. No. 49.) Riedel filed the instant motion for summary judgment, along with a statement of material facts and a brief in support of the motion, on August 31, 2024. (Doc. Nos. 66–68.) Endrikat has not responded to the motion for summary judgment, and the deadline for doing so has expired under the Local Rules. See M.D. Pa. L.R. 7.6. The motion for summary judgment is accordingly deemed unopposed and is ripe for judicial review. See id.

## II.   MATERIAL FACTS[2]

### A.   Facts Regarding Liability

Riedel assigned Endrikat to a top bunk in his cell on June 30, 2022. (Doc. No. 67 ¶ 12.) Endrikat's claim in the instant case alleges that he was medically barred from sleeping on a top bunk because of a previous hernia surgery. (Id. ¶ 13.) Endrikat's hernia surgery occurred in 2016. (Id. ¶ 14.) His only medical restriction following the surgery was to not lift more than 20 pounds for a period of six weeks after the surgery. (Id. ¶ 15). No medical restrictions required Endrikat to be given a bottom bunk assignment on June 30, 2022. (Id. ¶ 17).

### B.   Facts Regarding Exhaustion of Administrative Remedies

Under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, a prisoner seeking to exhaust administrative remedies for a complaint regarding his prison

---

[2] Unless otherwise noted, the background herein is derived from Riedel's Rule 56.1 statement of facts. (Doc. No. 67.) Because Endrikat has not responded to the statement, the factual assertions in the statement are deemed admitted pursuant to the Local Rules. See M.D. Pa. L.R. 56.1.

2

conditions must first submit a written grievance within fifteen (15) working days from the date of the incident. See (DC-ADM 804 § 1(A)(8), (Doc. No. 67-3 at 13)). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law." See (id. § 1(A)(11), (Doc. No. 67-3 at 6)). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen (15) working days. See (id. § 2(A)(1)(a), (Doc. No. 85-7 at 23)). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen (15) working days. See (id. § 2(B)(1)(b), (Doc. No. 85-7 at 26)).

Between June 30, 2022, and July 22, 2022, the period in which Endrikat could have timely filed a grievance regarding his placement in the top bunk, he filed three grievances. (Doc. No. 67 ¶ 28; Doc. No. 67-3 at 45–47.) All of these grievances complained of events that occurred in the prison law library and did not mention Riedel or Endrikat's assignment to a top bunk. (Doc. No. 67 ¶¶ 29–41; Doc. No. 67-3 at 49–67.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A disputed fact is "material" if proof of its existence would affect the outcome of the case under

applicable substantive law.  See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).  A dispute of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party.  See Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).  To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine dispute of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine dispute.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether a dispute of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party.  See White, 862 F.2d at 59.  In

doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.  See id. (citations omitted).  However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted."  See L.R. 56.1.  The Rule further requires the inclusion of references to the parts of the record that support the statements.  See id.

A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant.  These rules apply with equal force to all parties.  See Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

## IV. DISCUSSION

Riedel asserts four arguments in support of her motion for summary judgment, as follows: (1) that she is entitled to summary judgment as to the merits of Endrikat's Eighth Amendment claim; (2) that she is entitled to summary judgment because Endrikat failed to exhaust administrative remedies for his Eighth Amendment claim; (3) that she is entitled to qualified immunity from Endrikat's claim; and (4) that she is entitled to summary judgment to the extent Endrikat has sued her in her official capacity.  The Court will first address Riedel's

argument that Endrikat has failed to exhaust administrative remedies before turning its attention to her merits-related arguments.

A.   **Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), prisoner plaintiffs must exhaust all available administrative remedies before they may challenge the conditions of their confinement in federal court. See 42 U.S.C. § 1997e(a); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 304 (3d Cir. 2020). The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules set by the prison. See id. at 305 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The failure to exhaust available administrative remedies is an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007). Accordingly, "the burden to plead and prove failure to exhaust as an affirmative defense rests on the defendant." See Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

A prisoner is only required to exhaust administrative remedies that are "available." See id. at 266 (citing Woodford, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" See id. at 266–67 (quoting Ross v. Blake, 578 U.S. 632, 643–44 (2016)). If a defendant establishes that the plaintiff failed to exhaust administrative

remedies, the burden shifts to the plaintiff to show that the administrative process was unavailable to him.  See id. at 268.

Riedel argues that Endrikat failed to exhaust administrative remedies because none of the three grievances he filed during the relevant period named Riedel or asserted any facts regarding Riedel assigning Endrikat to a top bunk in his cell.  (Doc. No. 68 at 8–10.)

The Court agrees with Riedel that Endrikat failed to exhaust administrative remedies.  The undisputed evidence of record shows that Endrikat filed three grievances during the relevant period, none of which mentioned Riedel or Endrikat's claim that Riedel wrongfully assigned him to a top bunk.  See (Doc. No. 67-3 at 49–67).  Endrikat has not produced any evidence to contradict this evidence, nor has he advanced any arguments or produced any evidence to show that the grievance process was unavailable to him.  The Court accordingly will grant summary judgment to Riedel for Endrikat's failure to exhaust administrative remedies.

**B.  Merits**

Summary judgment in Riedel's favor is also warranted because Endrikat's Eighth Amendment claim fails on its merits.  To establish a deliberate indifference claim, a plaintiff must allege (1) that the plaintiff was subjected to a substantial risk of serious harm; (2) that the defendant was deliberately indifferent to that risk; and (3) that the defendant's deliberate indifference caused the plaintiff harm.  See Williams v. Sec'y Pa. Dep't of Corrs., 117 F.4th 503, 514 n.15 (3d Cir. 2024).  To satisfy the first element, the plaintiff must show that the risk of harm was objectively serious.  See Porter v. Pa. Dep't of Corrs., 974 F.4th 431, 441 (3d Cir. 2023).  To satisfy the second element, the plaintiff must show that the defendant was subjectively aware of the risk.  See id. at 444.

The Court finds that Endrikat cannot establish his deliberate indifference claim because there is no evidence in the record that Reidel's assignment of Endrikat to a top bunk objectively posed a substantial risk of serious harm to him. The undisputed evidence of record shows that Endrikat was not medically restricted from being assigned to a top bunk at the time Riedel assigned him there, see (Doc. No. 67 ¶ 17; Doc. No. 67-2 at 12), and Endrikat has not produced any other evidence from which an objective risk of harm could be established. Summary judgment is accordingly warranted because Endrikat's claim fails on its merits in addition to his failure to exhaust administrative remedies. Having reached this conclusion, the Court will not address Riedel's qualified immunity or official capacity arguments.

## V.     CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment and close this case. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania